**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE UNITED STATES OF AMERICA,
THE STATE OF FLORIDA, and JAEL
CANCEL,
      Plaintiffs,

v.                                              Case No: 6:14-cv-512-Orl-28TBS

CENTRAL MEDICAL SYSTEMS, LLC,
ALAN T. HARLEY, JOAN HARLEY,
ARTHUR WRIGHT and MEDDEX
SOLUTIONS, LLC,
      Defendants.
_____

## ORDER

This False Claims Act action was initially filed against Central Medical Systems, LLC, and Alan T. Harley by relator Jael Cancel in 2014. Electing to intervene, the United States filed its Intervenor Complaint (Doc. 39) against those Defendants on March 23, 2018. Five months later, on August 24, 2018, the United States filed an Amended Complaint in Intervention (Doc. 66) against the original two Defendants along with Joan Harley, Arthur Wright, and Meddex Solutions, LLC.

On November 19, 2018, Alan T. Harley and Joan Harley (the Harleys) filed a Notice of Case Under Chapter 13 of United States Bankruptcy Code and Notice of Automatic Stay (Doc. 96), noting that they had filed a voluntary Chapter 13 petition in the bankruptcy court that same day. The Harleys asserted that the automatic stay provided for by 11 U.S.C. § 362(a) applies to this case. However, two days later, the United States filed a Response (Doc. 97) to the Harleys' Notice, contending that this case should not be stayed but instead should proceed as scheduled because it falls within the "police and regulatory power" exception to the automatic stay. See 11 U.S.C. § 362(b)(4) (providing that the filing of a

bankruptcy petition "does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power"). Seven days after the Government filed its Response, the Harleys filed an Objection and Motion to Strike the Response, arguing that this action does not fall within the § 362(b)(4) exception relied upon by the United States. (Doc. 98). The Court has considered the authorities cited by both sides and concludes that this action is within the § 362(b)(4) exception and may proceed despite the Harleys' filing of a Chapter 13 petition.

First, despite the Harleys' assertion to the contrary, the Court concludes that it has jurisdiction to decide whether the § 362(b)(4) exception applies. See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir. 2005) (holding that "a district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction" and "jurisdiction to decide whether . . . [a] Clayton Act suit comes within the exception to the automatic stay for 'police or regulatory power' under § 362(b)(4)"); United States ex rel. Green v. Inst. of Cardiovascular Excellence, PLLC, Case No. 5:11-cv-406-Oc-37TBS, 2016 WL 2866567, at *2 (M.D. Fla. May 17, 2016) (noting that the defendants "concede[d] that this Court has concurrent jurisdiction with the bankruptcy court to determine the [i]ssue [whether the exception applies] and that this Court is 'considerably more competent' to do so").

Second, the Court agrees with the weight of authority cited by the United States holding that False Claims Act cases being pursued by the United States fall within the § 362(b)(4) "police and regulatory power" exception to the automatic stay and may proceed through the entry of judgment even where a defendant files a bankruptcy petition. See, e.g., In re Commonwealth Cos., 913 F.2d 518, 527 (8th Cir. 1990); Universal Life Church,

Inc. v. United States (In re Universal Life Church, Inc.), 128 F.3d 1294, 1298 (9th Cir. 1997); Inst. of Cardiovascular Excellence, 2016 WL 2866567, at *2; United States ex rel. Rahman v. Oncology Assocs., P.C. (In re Equimed), Nos. Civ. H-95-2241, Civ. H-00-1216, & Civ. H-00-1569, 2000 WL 1074304, at *4–5 (D. Md. July 24, 2000); United States v. Burton (In re Selma Apparel Corp.), 132 B.R. 968, 970 (S.D. Ala. 1991). The Court respectfully disagrees with the contrary authority cited by the Harleys. See, e.g., In re Bicoastal Corp., 118 B.R. 854, 855 (Bankr. M.D. Fla. 1990) (concluding that "the claim asserted under the False Claims Act is not a procedure to enforce the Government's police or regulatory powers and, therefore, the automatic stay provided by the Bankruptcy Code applies to the Government's suit against the Debtor"). This case will not be stayed.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Strike (Doc. 98) filed by Defendants Alan T. Harley and Joan Harley is **DENIED**.

2. The Court concludes that the 11 U.S.C. § 362(a) automatic stay does not apply here because of the exception in 11 U.S.C. § 362(b)(4) for actions by a governmental unit to enforce its "police and regulatory power." Thus, this action is not stayed and may proceed through the entry of judgment notwithstanding the Harleys' filing of a Chapter 13 bankruptcy petition.

**DONE** and **ORDERED** in Orlando, Florida, on December 5, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

3